**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5094-17T4

CLARITZA A. SANDOVAL,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and SOVEREIGN MEDICAL
GROUP, LLC,

      Respondents.

_____

Submitted June 18, 2019 – Decided July 12, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the Board of Review, Department of Labor, Docket No. 148,162.

Claritza Sandoval, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief.

Respondent Sovereign Medical Group, LLC, has not filed a brief.

PER CURIAM

Claimant Claritza Sandoval appeals from the June 21, 2018 decision of the Board of Review (Board) finding her ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.1(e). After a review of the contentions raised on appeal in light of the record and applicable principles of law, we affirm.

Claimant worked for Sovereign Medical Group, LLC (Sovereign) as an office manager from November 1, 2014 through December 15, 2017, when she left her job to relocate with her spouse to California, where he had secured a new job.

Claimant submitted a claim for unemployment benefits. The Deputy Director of Unemployment Insurance determined that claimant had left work voluntarily, disqualifying her for benefits. Following claimant's appeal of the determination, a telephonic hearing was conducted before an Appeal Tribunal. The appeals examiner noted in her written decision that claimant "left work voluntarily without good cause attributable to such work."

A-5094-17T4

The Board affirmed the Appeal Tribunal's decision. On appeal, claimant contends her leaving work was not voluntary because she had no choice but to follow her spouse to his new job in California with their two young children.

We are mindful that our review of administrative agency decisions is limited. We will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

N.J.S.A. 43:21-5(a) provides that an employee who "has left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. "Under this section, the threshold question is whether an applicant for unemployment compensation benefits left his job 'voluntarily.'" Lord v. Bd. of Review, 425 N.J. Super. 187, 190-91 (App. Div. 2012). An employee has left work "voluntarily" within the meaning of the statute "only if 'the decision whether to go or to stay lay at the time with the worker alone.'" Id. at 191 (quoting Campbell Soup Co. v. Bd. of Review, 13 N.J. 431, 435 (1953)).

N.J.A.C. 12:17-9.1(e) states that "[a]n individual's separation from employment shall be reviewed as a voluntary leaving work issue where the separation was for the following reasons including, but not limited to . . . [r]elocating to another area to accompany a spouse, a civil union partner or other

A-5094-17T4

relatives." If the applicant leaves voluntarily, she "is eligible for unemployment compensation benefits only if that separation was for 'good cause attributable to [the] work.'" Lord, 425 N.J. Super. at 191 (quoting N.J.S.A. 43:21-5(a)); see also Utley v. Bd. of Review, 194 N.J. 534, 544 (2008). Claimant readily acknowledges that she would remain working at Sovereign if she wasn't obligated to relocate to California with her family. See Fennell v. Bd. of Review, 297 N.J. Super. 319, 322 (App. Div. 1997) ("Causes personal to the claimant and not attributable to the work come within the disqualification language of the statute.").

Claimant's argument, supported by an online article, that she is entitled to benefits under "a trailing spouse provision" does not comport with New Jersey law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5094-17T4